UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

IRAN AMANDAH
on behalf of himself and all
others similarly situated,

Case No. 19-cv-1607

        Plaintiff,

**COLLECTIVE AND CLASS
ACTION COMPLAINT
PURSUANT TO 29 U.S.C. §216(b)
AND FED. R. CIV. P. 23**

v.

ALRO STEEL CORPORATION
3100 East High Street
Jackson, Michigan 49203

**JURY TRIAL DEMANDED**

        Defendant

---

## COMPLAINT

---

## PRELIMINARY STATEMENT

1.     This is a collective and class action brought pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA"), and Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq.*, Wis. Stat. § 104.01 *et seq.*, Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq.*, and Wis. Admin. Code § DWD 272.001 *et seq.* ("WWPCL") and Fed. R. Civ. P. 23, by Plaintiff, Iran Amandah, on behalf of himself and all other similarly situated current and former hourly-paid, non-exempt Warehouse employees of Defendant, Alro Steel Corporation, for purposes of obtaining relief under the FLSA and WWPCL for unpaid overtime compensation, unpaid agreed upon wages, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

2.      Defendant, Alro Steel Corporation, is a privately owned industrial supplies distributor headquartered in Jackson, Michigan – but with multiple physical locations in the State of Wisconsin.

3.      Defendant operated (and continues to operate) an unlawful compensation system that deprived and failed to compensate Plaintiff and all other current and former hourly-paid, non-exempt Warehouse employees for all hours worked and work performed each workweek, including at an overtime rate of pay. Specifically, Defendant's unlawful compensation system: (1) failed to compensate Plaintiff and all other hourly-paid, non-exempt Warehouse employees for any and all pre-shift hours worked and/or work performed; and (2) failed to include all non-discretionary forms of compensation, such as bonuses, incentives, awards, "retro pay," and/or other monetary payments, in Plaintiff's and all other hourly-paid, non-exempt Warehouse employees' regular rates of pay for overtime calculation purposes.

4.      Defendant's failure to compensate its hourly paid, non-exempt Warehouse employees for compensable work performed, including but not limited to at an overtime rate of pay, was intentional, willful, and violated federal law as set forth in the FLSA and state law as set forth in the WWPCL.

## JURISDICTION AND VENUE

5.      This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq.*

6.      This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims, Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq.*, Wis. Stat. § 104.01 *et seq.*, Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq.*, and Wis. Admin. Code § DWD 272.001 *et seq.*, because they are so related in this action

within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7.     Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant has substantial and systematic contacts in this District.

## PARTIES

8.     Defendant is a Jackson, Michigan-based company with a principal office address of 3100 East High Street, Jackson, Michigan 49203.

9.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant managed, owned, and operated physical locations within the State of Wisconsin, including: located at 3000 North 114th Street, Wauwatosa, Wisconsin 53222; and located at 43 East Tenth Avenue, Oshkosh, Wisconsin 54902.

10.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant managed, owned, and operated physical locations across the United States, including in the States of Florida, Illinois, Indiana, Kentucky, Michigan, Missouri, New York, North Carolina, Ohio, Oklahoma, and Pennsylvania.

11.     For purposes of the FLSA, Defendant was an "employer" of an "employee," Plaintiff, as those terms are used in 29 U.S.C. §§ 203(d) and (e).

12.     For purposes of the FLSA, Defendant is an "employer" of Plaintiff, and Plaintiff was "employed" by Defendant, as those terms or variations thereof are used in Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

13.     Plaintiff, Iran Amandah, is an adult male resident of the State of Wisconsin residing at 1320 Greenway Terrace, #4, Brookfield, Wisconsin 53005.

14.     Plaintiff's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is contemporaneously filed with this Complaint (ECF No. 1).

15.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff worked as an hourly-paid, non-exempt Warehouse employee at Defendant's Wauwatosa, Wisconsin location in the State of Wisconsin.

16.     Plaintiff brings this action on behalf of himself and all other similarly-situated current and former hourly-paid, non-exempt Warehouse employees who work at, worked at, and/or were employed by Defendant within the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1). Plaintiff performed similar job duties as other current and former hourly-paid, non-exempt Warehouse employees who work at, worked at, and/or were employed by Defendant, and Plaintiff and all other current and former hourly-paid, non-exempt Warehouse employees were subject to Defendant's same unlawful compensation policies as enumerated herein.

17.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other current and former hourly-paid, non-exempt Warehouse employees on whose behalf Plaintiff brings this Complaint performed compensable work in the same or similarly-titled positions at Defendant's direction, on Defendant's behalf, for Defendant's benefit, and/or with Defendant's knowledge.

18.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant supervised Plaintiff's day-to-day activities and the day-to-day activities of all other hourly-paid, non-exempt Warehouse employees.

19.    During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant hired, terminated, promoted, demoted, and suspended Plaintiff and all other hourly-paid, non-exempt Warehouse employees.

20.    During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant reviewed Plaintiff's work performance and the work performance of all other hourly-paid, non-exempt Warehouse employees.

21.    During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant established the work rules, policies, and procedures by which Plaintiff and all other hourly-paid, non-exempt Warehouse employees abided in the workplace.

22.    During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant controlled the terms and conditions of Plaintiff's employment and the employment of all other hourly-paid, non-exempt Warehouse employees.

23.    During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant established Plaintiff's work schedule and the work schedules of all other hourly-paid, non-exempt Warehouse employees.

24.    During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant established Plaintiff's and all other hourly-paid, non-exempt Warehouse employees' hourly rates of pay and means of compensation.

25.    During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant provided Plaintiff and all other hourly-paid, non-exempt Warehouse employees with work assignments and hours of work.

26.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's hours of work and the hours of work of all other hourly-paid, non-exempt Warehouse employees were tracked and recorded by Defendant.

## GENERAL ALLEGATIONS

27.     In approximately February 2019, Defendant hired Plaintiff as a Warehouse employee working at its Wauwatosa, Wisconsin location in the State of Wisconsin.

28.     During Plaintiff's employment with Defendant, Plaintiff performed compensable work in the position of Machine Operator.

29.     On a daily basis during Plaintiff's employment with Defendant, Plaintiff worked alongside other hourly-paid, non-exempt Warehouse employees as part of Defendant's production process at Defendant's Wauwatosa, Wisconsin location.

30.     During Plaintiff's employment with Defendant, Plaintiff reported directly to Nathan Torgenson, Floor Supervisor, and Dustin Barry, Floor Supervisor. Torgenson and Barry reported directly to Steve Young, Plant Manager.

31.     On or about October 8, 2019, Plaintiff's employment with Defendant ended.

32.     During the entirety of Plaintiff's employment with Defendant, Plaintiff performed compensable work at Defendant's direction, on Defendant's behalf, for Defendant's benefit, and/or with Defendant's knowledge as an hourly-paid, non-exempt Warehouse employee.

33.     During the entirety of Plaintiff's employment with Defendant, Plaintiff was an hourly-paid, non-exempt employee for purposes of the FLSA and WWPCL.

34.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), the vast majority of Defendant's employees who were employed at all

locations owned, operated, and managed by Defendant were hourly-paid, non-exempt Warehouse employees.

35.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt Warehouse employees regularly worked in excess of forty (40) hours per workweek.

36.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant compensated Plaintiff and all other hourly-paid, non-exempt Warehouse employees weekly via check.

37.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant's workweek for FLSA and WWPCL purposes was Monday through Sunday.

38.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt Warehouse employees were subject to Defendant's same pay and timekeeping policies and practices.

39.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt Warehouse employees were subject to Defendant's same employment policies, terms, and conditions as contained in its "Employee Guidebook."

40.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), the most recent version of Defendant's "Employee Guidebook," which was updated and/or revised in January 2019, stated, in part: "Non-exempt employees will be paid time and one-half compensation for all hours worked in excess of forty (40) in one workweek…"

41.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), the most recent version of Defendant's "Employee Guidebook" stated, in part: "For wage payment purposes, you will be paid from your scheduled shift start time, regardless of when you arrive at work or 'clock in' …"

42.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), the most recent version of Defendant's "Employee Guidebook" stated, in part: "… the Time and Attendance System will automatically round your punch time to your scheduled start time."

43.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant utilized or maintained a biometric scanner and/or electronic timekeeping system (hereinafter simply "Defendant's electronic timekeeping system") that Plaintiff and all other hourly-paid, non-exempt Warehouse employees used for timekeeping and/or recordkeeping purposes.

44.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant's electronic timekeeping system was the same or similar at all of its locations across the United States, including in the State of Wisconsin.

45.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt Warehouse employees used Defendant's electronic timekeeping system to "clock in" and "clock out" each work day.

46.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt Warehouse employees recorded their hours worked each workday by "clocking in" at the beginning of their shift and "clocking out" at the end of their shift via Defendant's electronic timekeeping system.

47. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant required Plaintiff and all other hourly-paid, non-exempt Warehouse employees recorded their hours worked each workday by "clocking in" at the beginning of their shift and "clocking out" at the end of their shift via Defendant's electronic timekeeping system.

48. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's and all other hourly-paid, non-exempt Warehouse employees' "clock in" and "clock out" times each workday via Defendant's electronic timekeeping system were electronically stored and retained by Defendant.

49. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant generally maintained three (3) separate shifts at its Wauwatosa, Wisconsin location: First Shift, which was 7:00 a.m. to 3:30 p.m.; Second Shift, which was 3:00 p.m. to 11:30 p.m.; and Third Shift, which was 11:00 p.m. to 7:30 a.m.

50. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff spent approximately the first three (3) weeks of his employment with Defendant working on First Shift, which corresponded with Plaintiff's orientation (or "Warehouse Onboarding") period with Defendant. Thereafter, Plaintiff generally worked on Third Shift throughout the remainder of his employment with Defendant.

51. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's and all other hourly-paid, non-exempt Warehouse employees' "clock in" and "clock out" times each workday via Defendant's electronic timekeeping system recorded, reflected, and represented the actual hours worked and/or work performed each

workday and each workweek by Plaintiff and all other hourly-paid, non-exempt Warehouse employees.

52.     However, during the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant's pay policies and practices failed to compensate Plaintiff and all other hourly-paid, non-exempt Warehouse employees for all hours actually worked and/or work performed each workday and each workweek as recorded, reflected, and represented via Defendant's electronic timekeeping system.

53.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant's pay policies and practices compensated Plaintiff and all other hourly-paid, non-exempt Warehouse employees as of their respective scheduled shift start times each work day, as opposed to when compensable work actually commenced each work day.

54.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant's pay policies and practices compensated Plaintiff and all other hourly-paid, non-exempt Warehouse employees as of their respective scheduled shift start times each work day, regardless of whether Plaintiff and all other hourly-paid, non-exempt Warehouse employees performed compensable work prior to their respective scheduled shift start times each work day.

55.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt Warehouse employees began performing compensable work immediately after to "clocking in" via Defendant's electronic timekeeping system each work day.

56.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), and despite having a record of Plaintiff's and all other hourly-paid, non-exempt Warehouse employees' hours worked and/or work performed each workweek as recorded and represented via Defendant's electronic timekeeping system, Defendant did not compensate Plaintiff and all other hourly-paid, non-exempt Warehouse employees in accordance with the record of hours worked and/or work performed as recorded represented via Defendant's electronic timekeeping system.

57.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant required Plaintiff and all other hourly-paid, non-exempt Warehouse employees to wear Defendant-issued uniforms and don personal protective gear, such as hard hats, safety shoes/boots, gloves, sleeves, and safety glasses, each work day while performing compensable work at Defendant.

58.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant required Plaintiff and all other hourly-paid, non-exempt Warehouse employees to change into Defendant-issued uniforms and don personal protective gear, such as hard hats, safety shoes/boots, gloves, sleeves, and safety glasses, each work day prior to Plaintiff's and all other hourly-paid, non-exempt Warehouse employees' respective scheduled shift start times.

59.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant required Plaintiff and all other hourly-paid, non-exempt Warehouse employees to change into Defendant-issued uniforms and don personal protective gear, such as hard hats, safety shoes/boots, gloves, sleeves, and safety glasses, each work day at

Defendant's premises and/or in the locker rooms at Defendant's locations prior to Plaintiff's and all other hourly-paid, non-exempt Warehouse employees' respective scheduled shift start times.

60.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt Warehouse employees changed into Defendant-issued uniforms and donned personal protective gear, such as hard hats, safety shoes/boots, gloves, sleeves, and safety glasses, each work day at Defendant's premises and/or in the locker rooms at Defendant's locations immediately after "clocking in" via Defendant's electronic timekeeping system.

61.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), changing into Defendant-issued uniforms and donning personal protective gear, such as hard hats, safety shoes/boots, gloves, sleeves, and safety glasses, each work day at Defendant's premises and/or in the locker rooms at Defendant's locations immediately after "clocking in" via Defendant's electronic timekeeping system was an integral and indispensable part of Plaintiff's and all other hourly-paid, non-exempt Warehouse employees' job duties.

62.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant did not compensate Plaintiff and all other hourly-paid, non-exempt Warehouse employees for time spent changing into Defendant-issued uniforms and donning protective gear, such as hard hats, safety shoes/boots, gloves, sleeves, and safety glasses, each work day at Defendant's premises and/or in the locker rooms at Defendant's locations immediately after "clocking in" via Defendant's electronic timekeeping system.

63.     On a daily basis during the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1) and on any given work day, Plaintiff "clocked in" via Defendant's electronic timekeeping system at approximately 10:45 p.m. for his 11:00 p.m. scheduled Third Shift start time. Immediately subsequent to "clocking in" via Defendant's electronic timekeeping system at approximately 10:45 p.m., Plaintiff changed into his Defendant-issued uniform and donned personal protective gear (such as hard hats, safety shoes/boots, gloves, sleeves, and safety glasses) in the locker room of Defendant's Wauwatosa, Wisconsin location, and then attended pre-shift meetings, which were organized and run by Defendant's Floor Supervisors and generally held in the training room(s) of Defendant's Wauwatosa, Wisconsin location. Once the pre-shift meeting concluded, Plaintiff went to the shop floor and began performing the duties of his Machine Operator position.

64.     However, on a daily basis during the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1) and on any given work day, Defendant's pay policies and practices did not compensate Plaintiff for any hours worked or work performed prior to his 11:00 p.m. scheduled Third Shift start time (as described in the aforementioned paragraph), despite Plaintiff's actual pre-shift hours worked and work performed each work day, and despite Defendant having an actual and accurate record of Plaintiff's actual pre-shift hours worked and/or work performed via its electronic timekeeping system.

65.     On a daily basis during the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant's pay policies and practices in this regard as described in the aforementioned paragraphs (i.e., failing to compensate Plaintiff for any pre-shift hours worked and work performed) applied in the same or similar fashion to all other hourly-paid, non-exempt Warehouse employees at all of Defendant's locations across the United States.

66.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant knew and/or was aware that Plaintiff and all other hourly-paid, non-exempt Warehouse employees performed pre-shift compensable work in the same or similar fashion at all of Defendant's locations across the United States, but that (despite the pre-shift hours worked and work performed), Defendant's pay policies and practices did not compensate Plaintiff and all other hourly-paid, non-exempt Warehouse employees for this pre-shift compensable work performed.

67.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant instructed, directed, expected, and/or required Plaintiff and all other hourly-paid, non-exempt Warehouse employees to physically arrive to work at Defendant at least fifteen (15) minutes prior to their respective scheduled shift start times in order to be ready to work by their respective scheduled shift start times. This instruction, expectation, direction, and/or requirement was commonly known and referred to at Defendant as "Alro Time."

68.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), "Alro Time" was a Defendant-wide instruction, expectation, direction, and/or requirement that was communicated to Plaintiff and all other hourly-paid, non-exempt Warehouse employees during said employees' "Warehouse Onboarding" process at all of Defendant's locations across the United States, including in the State of Wisconsin, which Defendant reiterated and communicated to Plaintiff and all other hourly-paid, non-exempt Warehouse employees during the duration of said employees' employment with Defendant.

69.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant disciplined hourly-paid, non-exempt Warehouse employees if said employees did not abide by "Alro Time."

70.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt Warehouse employees were non-union employees of Defendant.

71.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant compensated Plaintiff and all other hourly-paid, non-exempt Warehouse employees with, in addition to their hourly or regular rates of pay, other non-discretionary forms of monetary compensation, such as bonuses, incentives, awards, "retro pay," and/or other monetary payments.

72.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), the forms of monetary compensation with which Defendant compensated Plaintiff and all other hourly-paid, non-exempt Warehouse employees, in addition to their hourly or regular rates of pay, were non-discretionary in nature: they were based on Plaintiff's and all other hourly-paid, non-exempt Warehouse employees' hours worked, work performance, attendance, health and safety, and/or they were announced and known to Plaintiff and all other hourly-paid, non-exempt Warehouse employees to encourage and/or reward their steady, rapid, productive, consistent, regular, and/or efficient hours worked, work performance, attendance, and/or health and safety.

73.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), the non-discretionary forms of monetary compensation with which Defendant compensated Plaintiff and all other hourly-paid, non-exempt Warehouse employees,

in addition to their hourly or regular rates of pay, were remunerated to Plaintiff and all other hourly-paid, non-exempt Warehouse employees on a bi-weekly, monthly, quarterly, annual, and/or ad hoc basis.

74. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant failed to include the aforementioned non-discretionary forms of monetary compensation in Plaintiff's and all other hourly-paid, non-exempt Warehouse employees' regular rates of pay for overtime calculation purposes.

75. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant did not properly and lawfully compensate Plaintiff and all other hourly-paid, non-exempt Warehouse employees for all hours actually worked and/or work performed each work day and each workweek, including but not limited to at an overtime rate of pay.

76. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant's policies in practice unlawfully and impermissibly failed to, on a daily and/or weekly basis, compensate Plaintiff and all other hourly-paid, non-exempt Warehouse employees when compensable work commenced.

77. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1) and during workweeks when no overtime was due, if any, Defendant suffered or permitted Plaintiff and all other hourly-paid, non-exempt Warehouse employees to work without being paid appropriate and lawful compensation for all hours worked and/or work performed.

78. Defendant was or should have been aware that its policies in practice failed to compensate Plaintiff and all other hourly-paid, non-exempt Warehouse employees in the same or similar fashion when compensable work commenced and/or ceased each work day.

79. Defendant was or should have been aware that its policies in practice failed to compensate Plaintiff and all other hourly-paid, non-exempt Warehouse employees for all hours worked and/or work performed each work day and each workweek, including but not limited to at an overtime rate of pay.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

80. Plaintiff brings this action on behalf of himself and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The similarly situated employees include:

> **FLSA Collective (Pre-Shift Hours Worked)**: All hourly-paid, non-exempt Warehouse employees employed by Defendant within the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1) who have not been compensated for all hours worked in excess of forty (40) hours in a workweek as a result of Defendant's failure to compensate said employees for pre-shift hours worked and/or work performed while "clocked in" via Defendant's electronic timekeeping system.

> **FLSA Collective (Non-Discretionary Compensation)**: All hourly-paid, non-exempt Warehouse employees employed by Defendant within the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1) who received non-discretionary forms of compensation, in addition to regular wages, that were not included in the regular rate of pay for overtime calculation purposes.

81. Defendant, as a matter of policy and practice, did not compensate its employees for all compensable hours worked or work performed during the work day (and on a workweek basis) by the FLSA Collective (Pre-Shift Hours Worked). These practices resulted in Plaintiff and the FLSA Collective (Pre-Shift Hours Worked) being denied overtime compensation by

Defendant at the rate of one and one-half times their regular hourly rate of pay for hours worked in excess of forty (40) in a workweek.

82.     Defendant, as a matter of policy and practice, did not include all non-discretionary forms of compensation in the FLSA Collective's (Non-Discretionary Compensation) regular rates of pay for overtime calculation purposes. These practices resulted in Plaintiff and the FLSA Collective (Non-Discretionary Compensation) being denied overtime compensation by Defendant at the rate of one and one-half times their regular hourly rate of pay for hours worked in excess of forty (40) in a workweek.

83.     The First and Second Claims for Relief are brought under and maintained as opt-in Collective Actions pursuant to § 216(b) of the FLSA, 29 U.S.C. 216(b), by Plaintiff on behalf of the FLSA Collectives.

84.     The FLSA Collective claims may be pursued by those who affirmatively opt in to this case, pursuant to 29 U.S.C. § 216(b).

85.     Plaintiff and the FLSA Collectives are and have been similarly situated, have and have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked including overtime compensation. The claims of Plaintiff stated herein are the same as those of the FLSA Collectives.

86.     Plaintiff and each of the FLSA Collectives seek relief on a collective basis challenging, among other FLSA violations, Defendant's practice of failing to properly and lawfully compensate employees for all work performed and/or hours worked, including overtime

compensation, and to include all non-discretionary compensation in said employees' regular rates of pay for overtime calculation purposes.

87.     The FLSA Collectives are readily ascertainable. For purpose of notice and other purposes related to this action, the names, phone numbers, and addresses are readily available from Defendant. Notice can be provided to the FLSA Collectives via first class mail to the last address known by Defendant and through posting at Defendant's facility in areas where postings are normally made.

88.     Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the putative FLSA Collectives.

## RULE 23 CLASS ALLEGATIONS - WISCONSIN

89.     Plaintiff brings this action on behalf of himself and all other similarly-situated employees pursuant to the WWPCL, under Fed. R. Civ. P. 23.  The similarly situated employees include:

> **Wisconsin Class (Pre-Shift Hours Worked)**: All hourly-paid, non-exempt Warehouse employees employed by Defendant within the two (2) year period immediately preceding the filing of this Complaint (ECF No. 1) who have not been compensated for all hours worked in excess of forty (40) hours in a workweek as a result of Defendant's failure to compensate said employees for pre-shift hours worked and/or work performed while "clocked in" via Defendant's electronic timekeeping system.

> **Wisconsin Class (Non-Discretionary Compensation)**: All hourly-paid, non-exempt Warehouse employees employed by Defendant within the two (2) year period immediately preceding the filing of this Complaint (ECF No. 1) who received non-discretionary forms of compensation, in addition to regular wages, that were not included in the regular rate of pay for overtime calculation purposes.

90.     The members of the Wisconsin Classes are readily ascertainable. The number and identity of the members of the Wisconsin Classes are determinable from the records of

Defendant. The job titles, length of employment, and the rates of pay for each member of the Wisconsin Classes are also determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

91.     The proposed Wisconsin Classes are so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, upon information and belief, there are over one-hundred (100) members of each of the Wisconsin Classes.

92.     Plaintiff's claims are typical of those claims which could be alleged by any members of the Wisconsin Classes, and the relief sought is typical of the relief which would be sought by each member of the Wisconsin Classes in separate actions. All of the members of the Wisconsin Classes were subject to the same corporate practices of Defendant, as alleged herein. Defendant's corporate-wide policies and practices affected all members of the Wisconsin Classes similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each member of the Wisconsin Classes. Plaintiff and other members of the Wisconsin Classes sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

93.     Plaintiff is able to fairly and adequately protect the interests of the Wisconsin Classes and has no interests antagonistic to the Wisconsin Classes. Plaintiff is represented by counsel who are experienced and competent in both collective/class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

94.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Wisconsin Classes members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual members of the Wisconsin Classes to redress the wrongs done to them.

95.     Important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Wisconsin Classes would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Wisconsin Classes, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

96.     Defendant has violated the WWPCL regarding payment of regular wages and overtime wages. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

97.     There are questions of fact and law common to the Wisconsin Classes that predominate over any questions affecting only individual members. The questions of law and fact common to the Wisconsin Classes arising from Defendant's actions include, without limitation, the following: (1) Whether the work performed by Plaintiff and the Wisconsin Classes is compensable under federal law and/or Wisconsin law; (2) Whether Defendant engaged in a pattern or practice of forcing, coercing, deceiving and/or permitting Plaintiff and the Wisconsin Classes to perform work for Defendant's benefit without being properly compensated; (3) Whether Defendant failed to pay the Wisconsin Classes for all work Defendant suffered or permitted them to perform; (4) Whether Defendant failed to include all forms of non-discretionary compensation in the Wisconsin Classes regular rates of pay for overtime calculation purposes; and (5) The nature and extent of class-wide injury and the measure of damages for the injury.

98.     The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the state law claims.

## FIRST CLAIM FOR RELIEF
### Violations of the FLSA – Unpaid Overtime
### (Plaintiff on behalf of himself and the FLSA Collective (Pre-Shift Hours Worked))

99.     Plaintiff, on behalf of himself and the FLSA Collective, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

100.     At all times material herein, Plaintiff and the FLSA Collective have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

101.     At all times material herein, Defendant was an employer of Plaintiff and the FLSA Collective as provided under the FLSA.

102.     At all times material herein, Plaintiff and the FLSA Collective were employees of Defendant as provided under the FLSA.

103.     Plaintiff and the FLSA Collective are victims of uniform compensation policy and practice in violation of the FLSA.

104.     Defendant violated the FLSA by suffering or permitting Plaintiff and the FLSA Collective to perform work without being properly or lawfully compensated for each hour worked by failing to compensate the FLSA Collective for any and all pre-shift hours worked and/or work performed, as described herein. The effect of such a practice denied Plaintiff and the FLSA Collective overtime premium pay for each hour they worked in excess of forty (40) hours each workweek and for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

105.     The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

106. Defendant was and is subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

107. Defendant's failure to properly compensate Plaintiff and the FLSA Collective and failure to properly record all compensable work time was willfully perpetrated. Defendant has not acted in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant did not act willfully in failing to pay overtime premium pay wages, Plaintiff and the FLSA Collective are entitled to an award of pre-judgment interest at the applicable legal rate.

108. Plaintiff and the FLSA Collective are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

109. Pursuant to FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

## SECOND CLAIM FOR RELIEF
## Violations of the FLSA – Unpaid Overtime
## (Plaintiff on behalf of himself and the FLSA Collective (Non-Discretionary Compensation))

110.    Plaintiff, on behalf of himself and the FLSA Collective, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

111.    At all times material herein, Plaintiff and the FLSA Collective have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

112.    At all times material herein, Defendant was an employer of Plaintiff and the FLSA Collective as provided under the FLSA.

113.    At all times material herein, Plaintiff and the FLSA Collective were employees of Defendant as provided under the FLSA.

114.    Plaintiff and the FLSA Collective are victims of uniform compensation policy and practice in violation of the FLSA.

115.    Defendant violated the FLSA by failing to include all non-discretionary forms of compensation, such as bonuses, incentives, awards, "retro pay," and/or other monetary payments, in the FLSA Collective's regular rates of pay for overtime calculation purposes, which denied the FLSA Collective of overtime premium pay for each hour they worked in excess of forty (40) hours each workweek and for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

116.    The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

117.    Defendant was and is subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

118.    Defendant's failure to include all non-discretionary compensation, such as bonuses, incentives, awards, "retro pay," and/or other monetary payments, in the FLSA Collective's regular rates of pay for overtime calculation purposes was willfully perpetrated. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant did not act willfully in failing to pay overtime premium pay wages, Plaintiff and the FLSA Collective are entitled to an award of pre-judgment interest at the applicable legal rate.

119.    Plaintiff and the FLSA Collective are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

120.    Pursuant to FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

## THIRD CLAIM FOR RELIEF
### Violation of the WWPCL – Unpaid Overtime and Regular Wages
### (Plaintiff, on behalf of himself and the Wisconsin Class (Pre-Shift Hours Worked))

121.    Plaintiff, on behalf of himself and the Wisconsin Class, re-alleges and incorporates all previous paragraphs as if they were set forth herein.

122.    At all relevant times, Plaintiff and the Wisconsin Class were employees of Defendant within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

123.    At all relevant times, Defendant was an employer of Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

124.    At all relevant times, Defendant has employed, and continues to employ, Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq*., 104.01 *et seq*., and Wis. Admin. Code § DWD 272.01.

125.    Throughout the Wisconsin Class Period, Plaintiff and the Wisconsin Class regularly performed activities that were an integral and indispensable part of his or her (collectively, their) principal activities without receiving compensation for these activities.

126.    At all relevant times, Defendant had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Wisconsin Class regular wages and overtime compensation.

127.    Throughout the Wisconsin Class Period, Defendant did not compensate Plaintiff and the Wisconsin Class for any and all pre-shift hours worked and/or work performed, as described herein, resulting in Defendant impermissibly and unlawfully failing to compensate the Wisconsin Class for any and all hours worked and/or work performed each work day at a regular and/or at an overtime rate of pay, in violation of the WWPCL.

128.    Defendant willfully failed to pay Plaintiff and the Wisconsin Class regular wages and overtime premium compensation for all hours worked in excess of forty (40) hours a workweek, in violation of the WWPCL.

129.    As set forth above, Plaintiff and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff and the Wisconsin Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

130.    Plaintiff and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the WWPCL.

### FOURTH CLAIM FOR RELIEF
### Violation of the WWPCL – Unpaid Overtime
### (Plaintiff, on behalf of himself and the Wisconsin Class (Non-Discretionary Compensation))

131.    Plaintiff, on behalf of himself and the Wisconsin Class, re-alleges and incorporates all previous paragraphs as if they were set forth herein.

132.    At all relevant times, Plaintiff and the Wisconsin Class were employees of Defendant within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

133.    At all relevant times, Defendant was an employer of Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

134.    At all relevant times, Defendant employed Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

135.    Throughout the Wisconsin Class Period, Plaintiff and the Wisconsin Class regularly performed activities that were an integral and indispensable part of his or her (collectively, their) principal activities without receiving compensation for these activities.

136.    At all relevant times, Defendant had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Wisconsin Class overtime compensation.

137.    Throughout the Wisconsin Class Period, Defendant willfully failed to compensate Plaintiff and the Wisconsin Class at the correct and lawful overtime rate of pay by failing to include all non-discretionary forms of compensation, such as bonuses, incentives, awards, "retro pay," and/or other monetary payments, in the Wisconsin Class' regular rates of pay for overtime calculation purposes, in violation of the WWPCL.

138.    As set forth above, Plaintiff and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff and the Wisconsin Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

139.    Plaintiff and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the WWPCL.

**WHEREFORE**, it is respectfully prayed that this Court grant the following relief:

a) At the earliest possible time, issue an Order allowing Notice, or issue such Court supervised Notice, to all similarly-situated current and former hourly-paid, non-exempt Warehouse employees who worked at and/or were employed by Defendant informing them of this action and their rights to participate in this action. Such Notice shall inform all similarly-situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action. Additionally, such notice will include a statement informing the similarly-situated current and qualified former employees that it is illegal for Defendant to take any actions in retaliation of their consent to join this action;

b) At the earliest possible time, issue an Order certifying this action as a class action pursuant to Federal Rules of Civil Procedure 23;

c) At the earliest possible time, issue an Order appointing Walcheske & Luzi, LLC as class counsel pursuant to Federal Rules of Civil Procedure 23;

d) Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendant's actions as described in the Complaint as unlawful and in violation of the FLSA and Wisconsin Law and applicable regulations and as willful as defined in the FLSA and Wisconsin Law;

e) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated hourly-paid, non-exempt Warehouse employees damages in the form of reimbursement for unpaid regular wages and unpaid overtime wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA and WWPCL;

f) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated hourly-paid, non-exempt Warehouse employees liquidated damages pursuant to the FLSA and WWPCL in an amount equal to, and in addition to the amount of wages and overtime wages owed to them;

g) Issue an Order directing Defendant to reimburse Plaintiff and all other similarly-situated hourly-paid, non-exempt Warehouse employees for the costs and attorneys' fees expended in the course of litigating this action, pre-judgment and post-judgment interest; and

h) Provide Plaintiff and all other similarly-situated hourly-paid, non-exempt Warehouse employees with such other and further relief, as the Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES**

Dated this 1st day of November, 2019

WALCHESKE & LUZI, LLC
Counsel for Plaintiff


s/ ***Scott S. Luzi***
James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405
David M. Potteiger, State Bar No. 1067009

WALCHESKE & LUZI, LLC
15850 W. Bluemound Road, Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com
dpotteiger@walcheskeluzi.com